IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA INTERACTIVE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA MEDIA NETWORK, LLC,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Internet Media Interactive Corporation ("Internet Media") makes the following claims for relief against Philadelphia Media Network, LLC ("Defendant") as follows:

### NATURE OF LAWSUIT

1.　This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES AND PATENT

2.　Plaintiff Internet Media is a Delaware corporation with its principal place of business at 625 Barksdale Professional Center, Suite 113, Newark, DE 19711.

3.　Internet Media owns and has all right, title and interest in United States Patent No. 6,049,835 ("the '835 Patent"), entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000. Hence, Internet Media has the exclusive right to license and enforce the '835 Patent and to collect damages for infringement. Internet Media, thus, has standing to sue for infringement of the '835 Patent. A copy of the '835

Patent is attached as Exhibit A. The '835 Patent is generally directed to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

4. Philadelphia Media Network, LLC ("Defendant") is a Delaware limited liability corporation. Defendant owns, provides and operates the website www.philly.com and also owns, provides, operates and distributes the print newspaper, *The Philadelphia Inquirer*.

## JURISDICTION AND VENUE

5. Internet Media's claim for patent infringement against Defendant arises under the patent laws of the United States including 35 U.S.C. §§271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§1331 and 1338.

6. This Court has personal jurisdiction over Defendant because it is a Delaware corporation that is incorporated in Delaware.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), 1391(c) and 1400(b).

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

8. Defendant publishes job ads with assigned phone numbers in its newspaper, *The Philadelphia Inquirer,* available to Delaware residents through digital subscription requiring a user log-in.

9. In its newspaper, Defendant publishes a predetermined Internet location, the website www.philly.com/monster.

10. Users, including users in Delaware, can access Defendant's website with an ordinary web browser.

11. Defendant's website, www.philly.com/monster, contains a box wherein users can enter the phone-number and select "Find Jobs/Find a Job" to automatically access a separate internet location, monster.com, containing associated information about select job ads.

12. Defendant is now and has been directly infringing at least Claim 1 of the '835 Patent through the manufacture and use of its infringing Job Search system.

13. Defendant is now and has been inducing infringement of at least Claim 11 of the '835 Patent. Defendant performs some of the steps of the claimed method and induces users of its Job Search system to commit the remaining steps. Further, Defendant, as a news organization, should have had knowledge, and presumptively had knowledge, of the '835 Patent in view of prior litigation in this Court with respect to the '835 Patent or now has knowledge of the '835 Patent.

14. Such infringing activities have damaged Plaintiff, and specifically have damaged Plaintiff in the State of Delaware, because Plaintiff is a Delaware entity. Internet Media is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

15. Defendant's infringement has injured and will continue to injure Internet Media, unless and until this Court enters an injunction prohibiting further infringement of the '835 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Internet Media asks this Court to enter judgment against Defendant and against Defendant's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate Internet Media for the infringement that has occurred, together with prejudgment interest from the date infringement of the '835 Patent began;

B.  An award to Internet Media of all remedies available under 35 U.S.C. § 284;

C.  An award to Internet Media of all remedies available under 35 U.S.C. § 285;

D.  A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement, inducement and contributory infringement of the '835 Patent; and

E.  Such other and further relief as this Court or a jury may deem proper and just.

**JURY DEMAND**

Internet Media demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 21, 2012

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 00478)
Pazuniak Law Office LLC
1201 Orange Street,
7th floor, Suite 7114
Wilmington, DE 19801
Phone: (302) 478-4230
GP@del-iplaw.com

Timothy J. Haller
Oliver D. Yang
Ashley E. LaValley
NIRO, HALLER & NIRO
181 W. Madison St., St. 4600
Chicago, IL 60602
Phone: (312) 236-0733

Fax: (312) 236-3137
haller@nshn.com
oyang@nshn.com
alavalley@nshn.com

***Attorneys for Plaintiff,
Internet Media Interactive Corporation***